wwr#20968620

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

NEW INNOVATIVE PRODUCTS, INC.,    CASE NO.  15-02833-5-SWH
                                  CHAPTER 11
        DEBTOR.
_____

| | | |
|---|---|---|
| NEW INNOVATIVE PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | AP NO.  15-00072-5-SWH |
| | ) | |
| vs. | ) | |
| | ) | |
| ONDECK CAPITAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ANSWER TO COMPLAINT**
**FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND**
**FOR SANCTIONS, DAMAGES AND INJUNCTIVE RELIEF**

Now comes defendant, On Deck Capital, Inc., a Delaware corporation ("OnDeck"), by and through its attorneys, Brock & Scottt, PLLC, and for its Answer to New Innovative Products, Inc.'s ("Debtor") Complaint for Avoidance and Recovery of Preferential Transfers and for Sanctions, Damages and Injunctive Relief (the "Complaint") states that it:

**INTRODUCTION AND NATURE OF THE ACTION**

1.      Neither admits nor denies the allegations set forth in Paragraph 1 of the Complaint which speaks for itself, except to admit that OnDeck made certain withdrawals during the alleged time period, but denies the allegations that such prepetition withdrawals paid to OnDeck by Plaintiff/Debtor, New Innovative Products, Inc. (the "Debtor") were preferential transfers pursuant to Sections 547(b) and/or 550 of the Bankruptcy Code.

2.      Denies the allegations set forth in Paragraph 2 of the Complaint that OnDeck has committed any of the acts alleged by Debtor.

- 1 -

wwr#20968620

3.      Denies the allegations set forth in Paragraph 3 of the Complaint that Debtor is entitled to any injunctive relief as a result of any of OnDeck's actions.

## IDENTIFICATION OF PARTIES

4.      Admits the allegations set forth in Paragraph 4 of the Complaint.

5.      Admits the allegations set forth in Paragraph 5 of the Complaint.

6.      Admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Admits the allegations set forth in Paragraph 7 of the Complaint.

8.      Admits the allegations set forth in Paragraph 8 of the Complaint.

9.      Admits the allegations set forth in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     Admits the allegations set forth in Paragraph 10 of the Complaint.

11.     Admits the allegations set forth in Paragraph 11 of the Complaint.

12.     Admits the allegations set forth in Paragraph 12 of the Complaint.

13.     Admits the allegations set forth in Paragraph 13 of the Complaint.

14.     Admits the allegations set forth in Paragraph 14 of the Complaint.

15.     Admits the allegations set forth in Paragraph 15 of the Complaint.

16.     Neither admits nor denies the allegations set forth in Paragraph 16 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof.

## FACTUAL BACKGROUND AND ALLEGATIONS

17.     Admits the allegations set forth in Paragraph 17 of the Complaint.

18.     Admits the allegations set forth in Paragraph 18 of the Complaint.

19.     Neither admits nor denies the allegations set forth in Paragraph 19 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof, and because the applicable OnDeck Loan documents speak for themselves.

wwr#20968620

20.     Admits the allegations set forth in Paragraph 20 of the Complaint that Debtor has quoted a portion of Section 11 of OnDeck and Debtor's Business Loan and Security Agreement Supplement (the "Security Agreement"), which sets forth the collateral described in the Security Agreement.  OnDeck denies the implication or allegation that it only has a purported security interest in the collateral, because it has a validly perfected security interest.

21.     Admits the allegations set forth in Paragraph 21 of the Complaint with the exception of the term "attempting to perfect" because OnDeck's security interest is properly perfected.

22.     Neither admits nor denies the allegations set forth in Paragraph 22 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof.

23.     Neither admits nor denies the allegations set forth in Paragraph 23 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof and because those allegations pertain to non-party PNC Bank, N.A. ("PNC"). In further answer:

>   A.     OnDeck admits only that Debtor has attached as Exhibit C a Commercial Security Agreement and UCC Financing Statement between Debtor and PNC, which documents each speaks for itself.
>
>   B.     OnDeck admits only that Debtor has attached as Exhibit D a Promissory Note between Debtor and PNC, which document speaks for itself.

24.     Neither admits nor denies the allegations set forth in Paragraph 24 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof, and because those allegations pertain to PNC.

25.     Admits only the allegations set forth in Paragraph 25 of the Complaint that the payments defined in the Complaint as "Prepetition Transfers" were  payments of a debt incurred

wwr#20968620

by Debtor in the ordinary course of business or financial affairs of the Debtor and were made according to ordinary business terms between Debtor and OnDeck (the "Ordinary Course Payments"); and from the inception of the OnDeck Loan, OnDeck received, with Debtor's authorization, the daily amount of $604.76 on weekdays. OnDeck further admits only that Debtor has attached a schedule of payments as Exhibit E reflecting payments Debtor alleges were made between February 18, 2015 and May 18, 2015.

26.     Admits only the allegations set forth in Paragraph 26 of the Complaint that the Ordinary Course Payments were applied to the outstanding balance of the OnDeck Loan.

27.     Admits the allegations set forth in Paragraph 27 of the Complaint that Debtor's Voluntary Petition, Schedules and Statement of Financial Affairs are attached to the Complaint as Exhibit F, but which incorrectly identifies OnDeck's secured claim as only being in the amount of $604.76 with an unsecured portion of $604.76.

28.     Admits the allegations set forth in Paragraph 28 of the Complaint.

29.     Admits the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint except to admit that whatever payments were made in good funds, were applied to Debtor's loan balance.

31.     Denies the allegations set forth in Paragraph 31 of the Complaint because such amount is grossly inaccurate, and because the Debtor's account was overdrawn.

32.     Neither admits nor denies the allegations set forth in Paragraph 32 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof, and because those allegations pertain to PNC Bank.

33.     Neither admits nor denies the allegations set forth in Paragraph 33 of the Complaint because it lacks sufficient knowledge or information to form a belief as to the truth thereof, except to admit that Debtor has attached the Warning Letters as Exhibit H, each of which speaks for itself.

wwr#20968620

34.     Denies the allegations set forth in Paragraph 34 of the Complaint that OnDeck has violated the provisions of the Automatic Stay imposed by § 362 of the Bankruptcy Code, which allegations are denied as alleged.

35.     Neither admits nor denies the allegations set forth in Paragraph 35 of the Complaint because it lacks sufficient knowledge or information to form a belief as to the truth thereof, except to admit that Domestic Return Receipts are attached as Exhibit I to the Complaint, which documents each speaks for itself.

36.     Denies the allegations set forth in Paragraph 36 of the Complaint except to admit that the funds withdrawn, if any, were applied to Debtor's outstanding loan balance.

37.     Admits the allegations set forth in Paragraph 37 of the Complaint.

38.     Admits the allegations set forth in Paragraph 38 of the Complaint.

39.     Admits the allegations set forth in Paragraph 39 of the Complaint.

40.     Denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Neither admits nor denies the allegations set forth in Paragraph 41 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof, except for the allegations relating to the Turnover Order, which speaks for itself.  In further answer, OnDeck did not receive the sum of $652.36 in Post-petition Withdrawals as alleged.

42.     Neither admits nor denies the allegations set forth in Paragraph 42 of the Complaint except to admit that the Court's Order dated June 4, 2015 (the "Turnover Order") is attached as Exhibit K, which speaks for itself.

43.     Neither admits nor denies the allegations set forth in Paragraph 43 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof, except to admit that Debtor's copy of a FedEx overnight mail delivery along

wwr#20968620

with the Turnover Order are attached to the Complaint as Exhibit L, which documents each

speaks for itself.

44.    Denies the allegations set forth in Paragraph 44 of the Complaint.

45.    Denies the allegations set forth in Paragraph 45 of the Complaint.

46.    Neither admits nor denies the allegations set forth in Paragraph 46 of the

Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to

the truth thereof and denies the allegations that OnDeck engaged in conduct that was unlawful,

unscrupulous, unfair, misleading and contemptuous.

47.    Denies the allegations set forth in Paragraph 47 of the Complaint.

48.    Denies the allegations set forth in Paragraph 48 of the Complaint.

49.    Denies the allegations set forth in Paragraph 49 of the Complaint.

50.    Neither admits nor denies the allegations set forth in Paragraph 50 of the

Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to

the truth thereof.

51.    Denies the allegations set forth in Paragraph 51 of the Complaint.

## CLAIM FOR RELIEF
### Avoidance and Recovery of Preferential Transfers
[11 U.S.C. §§ 547(b), and 550]

52.    OnDeck incorporates and reaffirms each and every answer contained in the prior

Paragraphs of this Answer as though fully set forth herein.

53.    Denies the allegations set forth in Paragraph 53 of the Complaint.

54.    Admits the allegations set forth in Paragraph 54 of the Complaint.

55.    Admits the allegations set forth in Paragraph 55 of the Complaint.

56.    Admits the allegations set forth in Paragraph 56 of the Complaint.

57.    Admits the allegations set forth in Paragraph 57 of the Complaint.

58.    Denies the allegations set forth in Paragraph 58 of the Complaint.

wwr#20968620

59.     Admits the allegations set forth in Paragraph 59 of the Complaint.

60.     Neither admits nor denies the allegations set forth in Paragraph 60 of the Complaint because it lacks sufficient knowledge or information to form a belief as to the truth thereof.

61.     Neither admits nor denies the allegations set forth in Paragraph 61 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof, and because the Voluntary Petition, Schedules and Statement of Financial Affairs each speaks for itself.

62.     Neither admits nor denies the allegations set forth in Paragraph 62 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof, and because the Voluntary Petition, Schedules and Statement of Financial Affairs each speaks for itself.

63.     Neither admits nor denies the allegations set forth in Paragraph 63 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof.  In further answer, Debtor never informed OnDeck that Debtor claimed to be insolvent prior to the Petition Date or at the time of the OnDeck Loan.

64.     Neither admits nor denies the allegation set forth in Paragraph 64 of the Complaint because it lacks sufficient knowledge or information to form a belief as to the truth thereof.  In further answer, the remaining allegations constitute legal conclusions to which no response is required.

65.     Denies the allegations set forth in Paragraph 65 of the Complaint.

66.     Denies the allegations set forth in Paragraph 66 of the Complaint.

67.     Denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Denies the allegations set forth in Paragraph 68 of the Complaint.

wwr#20968620

## SECOND CLAIM FOR RELIEF
**Willful Violations of the Automatic Stay**
[11 U.S.C. § 362(k)]

69.     OnDeck incorporates and reaffirms each and every answer contained in the prior Paragraphs of this Answer as though fully set forth herein.

70.     Neither admits nor denies the allegation set forth in Paragraph 70 of the Complaint which constitutes legal conclusions to which no response is required.  In further answer, OnDeck denies that it is liable for such damages.

71.     Denies the allegations set forth in Paragraph 71 of the Complaint.

72.     Denies the allegations set forth in Paragraph 72 of the Complaint, including each Subparagraph (A) through (C) thereof.

73.     Denies the allegations set froth in Paragraph 73 of the Complaint that OnDeck violated the provisions of Section 362 of the Bankruptcy Code, and neither admits nor denies the remaining allegations as the Turnover Order speaks for itself.

74.     Denies the allegations set forth in Paragraph 74 of the Complaint.

75.     Neither admits nor denies the allegation set forth in Paragraph 75 of the Complaint because it lacks sufficient knowledge or information to form a belief as to the truth thereof, and because those allegations are vague and ambiguous.

76.     Denies the allegations set forth in Paragraph 76 of the Complaint, except to admit that any payment received was applied to the outstanding balance of the OnDeck Loan.

77.     Neither admits nor denies the allegation set forth in Paragraph 77 of the Complaint because it lacks sufficient knowledge or information to form a belief as to the truth thereof.

78.     Denies the allegations set forth in Paragraph 78 of the Complaint except to admit that the few payments which were made, were made without the Bankruptcy Court's approval.

wwr#20968620

79.     Denies the allegations set forth in Paragraph 79 of the Complaint except to admit the allegation that whatever amounts were received were credited to Debtor's loan balance.

80.     Denies the allegations set forth in Paragraph 80 of the Complaint.

81.     Neither admits nor denies the allegation set forth in Paragraph 81 of the Complaint because those allegations constitute legal conclusions to which no response is required.

82.     Denies the allegations set forth in Paragraph 82 of the Complaint.

83.     Denies the allegations set forth in Paragraph 83 of the Complaint.

84.     Denies the allegations set forth in Paragraph 84 of the Complaint.

85.     Denies the allegations set forth in Paragraph 85 of the Complaint.

86.     Denies the allegations set forth in Paragraph 86 of the Complaint.

87.     Denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Denies the allegations set forth in Paragraph 88 of the Complaint.

89.     Denies the allegations set forth in Paragraph 89 of the Complaint.

## THIRD CLAIM FOR RELIEF
### Violations of North Carolina Unfair and Deceptive Trade Practices Act
[N.C. Gen. Stat. § 75-1.1 et seq.]

90.     OnDeck incorporates and reaffirms each and every answer contained in the prior Paragraphs of this Answer as though fully set forth herein.

91.     Denies the allegations set forth in Paragraph 91 of the Complaint.

92.     Denies the allegations set forth in Paragraph 92 of the Complaint.

93.     Denies the allegations set forth in Paragraph 93 of the Complaint.

94.     Denies the allegations set forth in Paragraph 94 of the Complaint.

95.     Denies the allegations set forth in Paragraph 95 of the Complaint including each of its Subparagraphs (A) through (G).

96.     Denies the allegations set forth in Paragraph 96 of the Complaint.

wwr#20968620

97.     Denies the allegations set forth in Paragraph 97 of the Complaint.

98.     Denies the allegations set forth in Paragraph 98 of the Complaint.

99.     Denies the allegations set forth in Paragraph 99 of the Complaint.

100.    Denies the allegations set forth in Paragraph 100 of the Complaint.

101.    Denies the allegations set forth in Paragraph 101 of the Complaint.

102.    Denies the allegations set forth in Paragraph 102 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### Conversion

103.    OnDeck incorporates and reaffirms each and every answer contained in the prior Paragraphs of this Answer as though fully set forth herein.

104.    Neither admits nor denies the allegations set forth in Paragraph 104 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof.

105.    Denies the allegations set forth in Paragraph 105 of the Complaint.

106.    Denies the allegations set forth in Paragraph 106 of the Complaint.

107.    Denies the allegations set forth in Paragraph 107 of the Complaint.

108.    Neither admits nor denies the allegations set forth in Paragraph 108 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof.

109.    Denies the allegations set forth in Paragraph 109 of the Complaint.

110.    Denies the allegations set forth in Paragraph 110 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### In the Alternative - Negligence

111.    OnDeck incorporates and reaffirms each and every answer contained in the prior Paragraphs of this Answer as though fully set forth herein.

wwr#20968620

112.    Neither admits nor denies the allegations set forth in Paragraph 112 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof and because those allegations constitute legal conclusions to which no response is required.

113.    Neither admits nor denies the allegations set forth in Paragraph 113 of the Complaint because those allegations constitute legal conclusions to which no response is required.

114.    Neither admits nor denies the allegations set forth in Paragraph 114 of the Complaint because those allegations constitute legal conclusions to which no response is required.

115.    Denies the allegations set forth in Paragraph 115 of the Complaint.

116.    Neither admits nor denies the allegations set forth in Paragraph 116 of the Complaint for the reason that it lacks sufficient knowledge or information to form a belief as to the truth thereof and because those allegations constitute legal conclusions to which no response is required.

117.    Denies the allegations set forth in Paragraph 117 of the Complaint.

118.    Denies the allegations set forth in Paragraph 118 of the Complaint.

119.    Denies the allegations set forth in Paragraph 119 of the Complaint and each Subparagraph (A) through (G) thereof.

120.    Denies the allegations set forth in Paragraph 120 of the Complaint.

121.    Denies the allegations set forth in Paragraph 121 of the Complaint.

122.    Denies the allegations set forth in Paragraph 122 of the Complaint.

123.    Denies the allegations set forth in Paragraph 123 of the Complaint.

wwr#20968620

## SIXTH CLAIM FOR RELIEF
**Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction**
[Fed. R. Civ. P. 65 and 11 U.S.C. § 105(a)]

124.    OnDeck incorporates and reaffirms each and every answer contained in the prior

Paragraphs of this Answer as though fully set forth herein.

125.    Denies the allegations set forth in Paragraph 125 of the Complaint.

126.    Denies the allegations set forth in Paragraph 126 of the Complaint.

127.    Denies the allegations set forth in Paragraph 127 of the Complaint.

128.    Denies the allegations set forth in Paragraph 128 of the Complaint.

129.    Denies the allegations set forth in Paragraph 129 of the Complaint.

130.    Denies the allegations set forth in Paragraph 130 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, defendant OnDeck respectfully requests that this Honorable Court deny

the relief requested by Debtor and:

1.    Deny the request to avoid the Prepetition Transfers under § 547(b);

2.    Deny the request for an entry of judgment in the amount of $38,704.64 or in any

other amount as Prepetition Transfers under 11 U.S.C. § 550;

3.    Deny Debtor's request for relief of damages;

4.    Deny Debtor's request for relief of damages;

5.    Deny Debtor's request for relief of damages;

6.    Deny Debtor's request for relief of damages;

7.    Deny Debtor's request for any injunctive relief;

8.    Deny Debtor's request for any injunctive relief;

9.    Deny Debtor's request for an award of costs;

10.    Deny Debtor's request for an award of interest;

11.    No response is required to this Paragraph; and

wwr#20968620

      12.     Deny any other relief requested by Debtor.


Respectfully submitted,


/s/*William E. Grantmyre Jr.*_____
William E. Grantmyre Jr.
Attorney for OnDeck
Brock & Scott, PLLC.
5121 Parkway Plaza Blvd.
Charlotte, NC 28217
NC Bar # 42499
(704)369-0676
william.grantmyre@brockandscott.com

Dated:  August 13, 2015

wwr#20968620

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

NEW INNOVATIVE PRODUCTS, INC.,          CASE NO.  15-02833-5-SWH
                                        CHAPTER 11
          DEBTOR.
_____

NEW INNOVATIVE PRODUCTS, INC.,    )
                                  )
          Plaintiff,              )      AP NO.  15-00072-5-SWH
                                  )
vs.                               )
                                  )
ONDECK CAPITAL, INC.,             )
                                  )
          Defendant.              )
_____)

## CERTIFICATE OF SERVICE

          The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the ANSWER TO COMPLAINT in the above captioned case were this day served upon the below named persons by electronic service, and/or mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

| | | |
|---|---|---|
| New Innovative Products, Inc.<br>P.O. Box 118<br>Pine Level, NC 27568<br>Tax ID / EIN: 56-1863160 | OnDeck Capital, Inc.<br>Attn: Manager or Agent<br>1400 Broadway, 25th Floor<br>New York, NY 10018 | Matthew W. Buckmiller<br>Stubbs & Perdue, P.A.<br>9208 Falls of Neuse Road,<br>Suite 111<br>Raleigh, NC 27615 |
| Joseph Zachary Frost<br>Stubbs & Perdue, P.A.<br>9208 Falls of Neuse Road<br>Raleigh, NC 27615 | | |

This 13th day of August, 2015.

                              /s/ Stephen Puckett
                              Stephen Puckett
                              Paralegal
                              Brock & Scott, PLLC