**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:

| | |
|---|---|
| **NEW INNOVATIVE PRODUCTS,** | **CASE NO. 15-02833-5-SWH** |
| **DEBTOR.** | **CHAPTER 11** |

| | |
|---|---|
| **NEW INNOVATIVE PRODUCTS, INC.,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | **ADV. PRO. NO. 15-00072-5-SWH** |
| vs. ) | |
| ) | |
| **ONDECK CAPITAL, INC.,** ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE**

    **NOW COMES** NEW INNOVATIVE PRODUCTS, INC. (the "Debtor" or "Plaintiff"), by and through his counsel of record and pursuant to §§ 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure,[1] and hereby moves the Court for entry of an Order approving the terms, conditions and provisions of that certain Settlement Agreement executed by the Debtor and ONDECK CAPITAL, INC. ("OnDeck" or "Defendant") (Plaintiff and Defendant are collectively referred to herein as, the "Parties"), and authorizing them to take any and all actions to necessary to effectuate the terms and provisions set forth therein. In support thereof, the Debtor shows unto this Court as follows:

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and 157, as it (A) arises in, and concerns, matters affecting the administration of bankruptcy estate in the above-captioned case that was commenced by the Debtor, see id. §157(b)(2)(A), (B) concerns the allowance or disallowance of claims against the bankruptcy estate, see id. § 157(b)(2)(B), and (C) concerns rights duly established under the Bankruptcy Code. Accordingly, the relief sought herein constitutes a "core proceeding," pursuant to 28 U.S.C. § 157(b)(2).

---

[1] All statutory and rule references, unless otherwise indicated herein, are to the Bankruptcy Code, 11 U.S.C.§ 101 *et seq.* and the Federal Rules of Bankruptcy Procedure, respectively.

2. The Court, likewise, has the authority to hear this matter under the Standing Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

3. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and Fed. R. Bankr. P. and 9019.

## FACTUAL AND PROCEDURAL BACKGROUND

4. The Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on May 19, 2015 (the "Petition Date"), Case No. 15-02833-5-SWH (the "Bankruptcy Case").

5. Prior to the Petition Date, on or about December 9, 2014, Plaintiff executed a Business Loan and Security Agreement in favor of Defendant, in the original principal amount of $70,000.00 (the "OnDeck Loan").[1] Defendant, under the terms of the OnDeck Loan, disbursed $68,250.00 to Plaintiff (the "Disbursement Amount"), which was to be paid in 147 daily installment payments of $604.76, which commenced on the first business day after Plaintiff received the Disbursement Amount. Plaintiff, under the OnDeck Loan, was required to pay Defendant the aggregate sum of $88,899.72 (the "Total Repayment Amount"), which consisted of the principal amount of $70,000.00 and interest of $18,899.72.

6. Between December 10, 2015, and May 18, 2015, and on every Monday, Tuesday, Wednesday, Thursday, and Friday, excluding federal holidays, Defendant automatically debited from Plaintiff's bank account at PNC Bank, N.A. (the "Bank Account") for the daily payment of $604.76, resulting in total payments made by Plaintiff to Defendant, on account of the OnDeck Loan, in the aggregate amount of $66,523.60, which consists of approximately $38,704.64 that occurred within the ninety-day period preceding the Petition Date (the "Prepetition Transfers").

7. Each of the Prepetition Transfers represents a payment, made by Plaintiff, to Defendant, by automatic electronic transfer from the Bank Account, in the amount of $604.76, which was applied towards the outstanding balance of the OnDeck Loan.

8. Defendant was duly scheduled by Plaintiff as a secured creditor on Schedule D, which was filed along with the Voluntary Petition and Statement of Financial Affairs on the Petition Date.

9. Defendant, as a creditor of Plaintiff, was sent a copy of the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines [DE-16] (the "Bankruptcy Filing Notice").

10. Following the Petition Date, Plaintiff alleged that Defendant—despite receiving notice of the filing of the Bankruptcy Case—continued to automatically, unilaterally and without authorization from the Court, withdraw the sum of $604.76, per day, from the Bank Account and, in turn, apply said amounts toward the outstanding balance of the OnDeck Loan.

11. In an attempt to recover the Post-petition Withdrawals and enjoin Defendant from any further conduct, Plaintiff filed an Emergency Motion for Turnover [DE-26] (the "Turnover Motion").

12. On June 4, 2015, and in accordance with its oral ruling at the conclusion of the Turnover Hearing, the Court entered an Order Allowing Emergency Motion for Turnover and Directing OnDeck Capital, Inc. to Turnover Property of the Estate [DE-35] (the "Turnover Order"), which directed Defendant—within ten (10) days from entry—to remit the sum of $6,652.36, representing the Post-petition Withdrawals as of June 2, 2015, to Plaintiff's counsel.

13. On or about June 12, 2015, Plaintiff filed a Complaint for Avoidance and Recovery of Preferential Transfers and for Sanctions, Damages and Injunctive Relief (the "Complaint") against On Deck, commencing an adversary proceeding, AP No. 15-00072-5-SWH, in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Adversary Proceeding"). The Complaint, filed by Plaintiff, sought—*inter alia*—the following:

> A. Avoidance and recovery of prepetition withdrawals, made between February 18, 2015, and May 18, 2015, totaling approximately $38,704.64, that were automatically drafted by Defendant, on a daily basis, from Plaintiff's operating account, as preferential transfers pursuant to §§ 547(b) and 550 of the Bankruptcy Code;
>
> B. Compensatory, statutory, treble or, in the alternative, punitive damages, attorneys' fees and expenses to redress of Defendant's alleged (i) repeated, willful and deliberate violations of the provisions of the automatic stay pursuant to § 362(k) of the Bankruptcy Code; (ii) repeated and continued violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq. (the "UDTPA"), (iii) conversion of Plaintiff's property and assets; and (iv) alternatively, negligence; and
>
> C. Temporary and permanent injunctive relief, on account of Defendant's alleged post-petition actions and pattern of conduct, pursuant to Federal Rule of Civil Procedure 65 and § 105(a) of the Bankruptcy Code, prohibiting Defendant from engaging in further violations of the Bankruptcy Code and applicable North Carolina law and collection on the subject obligation.

14. On July 27, 2015, the Court entered an Order Allowing Motion to Compel and Motion for Contempt and Sanctions against Creditor OnDeck Capital, Inc. (the "Sanctions Order") in the Bankruptcy Case, imposing monetary sanctions against Defendant for failing to comply with the terms and conditions of the Turnover Order.

15. Following entry of the Sanctions Order, Defendant paid the monetary sanctions imposed in full, including the return of the Post-Petition Withdrawals to Plaintiff.

16. After engaging in fierce negotiations with one another to facilitate an amicable resolution of their disputes, the Parties have agreed to resolve the issues in the Adversary Proceeding and the Bankruptcy Case as follows:

    A. Execution of a Settlement Agreement which provides for the payment, by Defendant, of the sum of $20,000.00 (the "Settlement Amount"), to the Trust Account of Stubbs & Perdue, P.A, on behalf of and as counsel for Plaintiff;

    B. Execution of ballots, placing votes in acceptance of the Plan of Reorganization (the "Plan") filed by Plaintiff in the Bankruptcy Case on August 17, 2015;

    C. Dismissal, with prejudice the Adversary Proceeding and all other claims, including those set forth in the Complaint, no later than five (5) days following the date on which this Agreement is executed by all Parties, the date that the Settlement Amount is received, and the date an Order is entered by the Court approving the compromise and settlement, whichever is later;

    D. Withdrawal by Plaintiff of any objection to the proof of claim, Claim No. 26, filed by Defendant in the amount of $22,980.88, in the Bankruptcy Case; and

    E. Allowance of the Proof of Claim, as an unsecured claim, in the Bankruptcy Case, and Defendant shall be entitled to participate in any distribution on account of the OnDeck Loan and the Proof of Claim in the Bankruptcy Case or under the Plan.

## SUMMARY OF RELIEF REQUESTED

17. By and through this Motion and in accordance with Rule 9019(a), Plaintiff respectfully requests that the Court enter an Order approving the terms and conditions of the settlement and compromise reflected herein and further authorizing any and all actions necessary to effectuate the terms thereof, including but not limited to, execution of the Settlement Agreement contemplated herein.

## BASIS FOR RELIEF REQUESTED

18. Section 105(a) of the Bankruptcy Code authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); see Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994) ("It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.").

19. Rule 9019(a) provides that "[o]n the motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); 11 U.S.C. § 105(a). In determining whether to approve a proposed compromise, the court must evaluate whether it is fair, equitable, and in the best interests of the estate and its creditors. See, e.g., Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); In re MQVP, Inc., No. 10-2225, 2012 WL 1233019, at *3 (6th Cir. Apr. 13, 2012) (unpublished) ("When determining whether to approve a proposed settlement . . . the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." (citation and internal quotation marks omitted); accord In re Cajun Elec. Power Coop., Inc., 119 F.3d 349, 355 (5th Cir. 1997) ("Approval should only be given if the settlement is fair and equitable and in the best interest of the estate." (internal quotations omitted)).[2]

20. In making this determination, courts should rely upon the following factors:

(1) The balance between the likelihood of plaintiff's or defendants' success should the case go to trial vis a vis the concrete present and future benefits held forth by the settlement without the expense and delay of a trial and subsequent appellate procedures;

(2) The prospect of complex and protracted litigation if the settlement is not approved;

(3) The proportion of class members who do not object or who affirmatively support the proposed settlement;

(4) The competency and experience of counsel who support the settlement;

(5) The relative benefits to be received by individuals or groups within the class;

(6) The nature and breadth of releases to be obtained by the directors and officers as a result of the settlement; [and]

(7) And the extent to which the settlement is truly the product of "arms length" bargaining, and not of fraud or collusion.

See Resolution Tr. Corp. v. Off. Comm. Unsecured Creditors of Frost Bros., Inc. (In re Frost Bros., Inc.), No. 91-CIV-5244, 1992 WL 373488, at *5-6 (S.D.N.Y. Dec. 2, 1992) (citation omitted); accord Anderson, 390 U.S. at 424-25 (holding that courts "should (i) familiarize . . . [themselves] with 'all facts necessary for an intelligent and objective opinion of the probabilities

---

[2] Thus, a compromise will be approved if it is the result of "an adequate and intelligent consideration of the merits of the claims, the difficulties of pursuing them, the potential harm to the debtor's estate caused by delay, and the fairness of the terms of the settlement." Anderson, 390 U.S. at 434.

of ultimate success should the claim be litigated,' (ii) form an 'educated estimate of the complexity, expense and likely duration' of the potential litigation, and (iii) take heed of the possible problems in 'any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.'"). Among the other factors to be considered include, inter alia, the competency and experience of counsel who support the settlement and the extent to which settlement is truly the product of "arm's length" bargaining, and not of fraud or collusion. See Frost Bros., 1992 WL 373488, at *5-6.

21. The bankruptcy court, however, need not conduct a trial or "mini trial" on the merits to approve a settlement. In re Blair, 538 F.2d 849, 851 (9th Cir. 1976). The court's responsibility is to "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" Finkelstein v. W.T. Grant Co. (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d. Cir.) (citation omitted), cert. denied, 464 U.S. 822 (1983). Accordingly, the decisions applying Fed. R. Bankr. P. 9019 "establish relatively lenient standards of approval and a limited scope of review," and "encourage bankruptcy courts to approve settlements." Frost Bros., 1992 WL 373488, at *6 ("If bankruptcy courts were required to approve settlements only after an exhaustive determination of the claims, then little would be saved by the settlement process."). This lenient standard "reflect[s] the considered judgment that little would be saved by the settlement process if bankruptcy courts could approve settlements only after an exhaustive investigation and determination of the underlying claims," In re Purofied Down Prods. Corp., 150 B.R. 519, 522-23 (S.D.N.Y. 1993), and the fact that settlements are "favored and, in fact, encouraged" as part of the bankruptcy process. Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994).

22. The terms and conditions of the settlement and compromise reached by Plaintiff and Defendant, as memorialized and summarized herein, should be approved by the Court pursuant to Fed. R. Bankr. P. 9019 because it is fair, equitable, and in the best interests of the Debtor, its bankruptcy estate, creditors and parties in interest, including Defendant.

23. The terms, conditions and obligations of the Parties, under the proposed settlement and compromise, are the result of arms-length negotiations with each other and, with respect to Plaintiff, represent a sound exercise of his business judgment. Plaintiff and Defendant, during the course of the Bankruptcy Case and the Adversary Proceeding, were represented by experienced counsel and the terms of settlement compromise, which will be incorporated more fully into a forthcoming Settlement Agreement, are the product of their collective judgment, experience and skill. As a result, the terms, conditions and provisions of the settlement and compromise between the Parties is a fair and equitable compromise for Plaintiff and Defendant.

24. The substantial benefit to Plaintiff, its estate, and creditors clearly outweigh any potential costs resulting from the settlement and compromise. Settlement will allow Plaintiff to focus on its ongoing business operations, obtain the relief to which it is entitled under the Bankruptcy Code, and resolve the pending disputes and claims with Defendant, which was a contributing cause to the filing of a voluntary petition for relief under the Bankruptcy Code.

25. Had the Parties not agreed to the terms and conditions set forth hereinand not compromised the dispute between them, there would have been continued and protracted, unnecessary and costly litigation on numerous issues.

26. Plaintiff believes that the issues of law relating to the claims for relief set forth in the Complaint are sufficiently complex, such that extensive additional briefing and preparation by both the Parties would be necessary prior to adjudication by the Court. Additionally, and because an analysis of these issues depends in large part upon the conduct of the stakeholders and parties involved, a final determination would require attendant discovery and, perhaps, several evidentiary hearings and a trial on these issues. Because of the complexity, expense and risks associated with litigating these and other issues, the terms and conditions of the settlement and compromise reached, which completely resolves all issues between Plaintiff and Defendant, are clearly in the best interests of Plaintiff, the bankruptcy estate, parties in interest, and all creditors, including Defendant.

27. Accordingly, Plaintiff hereby requests that the foregoing compromise, which is more particularly set forth herein, be approved pursuant to § 105 and Fed. R. Bankr. P. 9019.

## CONCLUSION

**WHEREFORE** and based on the foregoing, Plaintiff respectfully request entry of an Order, (i) allowing the Motion; (ii) approving the terms and conditions of compromise and settlement outlined herein, and authorizing Plaintiff to take any and all actions required to consummate the terms provided for therein, including the execution of the Settlement Agreement required hereunder; and (iii) affording for such other and further relief as the Court may deem just and proper.

Respectfully submitted this, the 12th day of November, 2015.

**STUBBS & PERDUE, PA**
*Counsel Debtor-Plaintiff*

BY:  *s/Joseph Z. Frost*

MATTHEW W. BUCKMILLER (NCSB No. 35194)
mbuckmiller@stubbsperdue.com

JOSEPH Z. FROST (NCSB No. 44387)
jfrost@stubbsperdue.com

9208 Falls of Neuse Road, Suite 201
Raleigh, North Carolina 27615
TEL:   (919) 870-6258
FAX:   (919) 870-6259

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

| | |
|---|---|
| **NEW INNOVATIVE PRODUCTS,** | **CASE NO.  15-02833-5-SWH** |
| DEBTOR. | **CHAPTER 11** |

| | |
|---|---|
| **NEW INNOVATIVE PRODUCTS, INC.,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | **ADV. PRO. NO. 15-00072-5-SWH** |
| vs. ) | |
| ) | |
| **ONDECK CAPITAL, INC.,** ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that provided no objections by a party in interest are filed with this Court on or before **NOVEMBER 19, 2015 AT 10:00 A.M.**, and upon approval of the Bankruptcy Court, the settlement and compromise reached between NEW INNOVATIVE PRODUCTS, INC. ("Debtor" or "Plaintiff") and ONDECK CAPITAL, INC. ("OnDeck" or "Defendant") referenced in the **MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE** (the "Motion") shall be allowed.

This **NOTICE OF MOTION** (the "Notice") is provided for the purpose of supplying all creditors with information reasonably calculated to allow an informed decision as to whether to support, object or abstain to the Motion.

Any party desiring additional information concerning this Notice or the Motion should contact:

| | |
|---|---|
| JOSEPH Z. FROST, ESQ. | BRIAN C. FORK, ESQ. |
| jfrost@stubbsperdue.com | brian.fork@klgates.com |
| STUBBS & PERDUE, P.A. | K&L GATES, LLP |
| 9208 Falls of Neuse Road, Suite 201 | Post Office Box 17047 |
| Raleigh, North Carolina 27615 | Raleigh, North Carolina 27619-7047 |
| *Counsel for Debtor-Plaintiff* | *Counsel for Defendant OnDeck Capital, Inc.* |
| *New Innovative Products, Inc.* | |

**THE BANKRUPTCY COURT HAS NOT REVIEWED THE INFORMATION PROVIDED IN THIS NOTICE OR THE MOTION FILED BY PLAINTIFF, AND HAS NOT OFFERED AN OPINION AS TO ITS ACCURACY, SUFFICIENCY OR COMPLETENESS. IT IS ANTICIPATED THAT THE BANKRUPTCY COURT MAY REVIEW THE DISCLOSURES MADE HEREIN AT THE HEARING IN CONSIDERATION OF THE MOTION. THE PURPOSE OF THIS NOTICE IS TO PROVIDE CREDITORS WITH INFORMATION CONCERNING THE DEBTOR AND THE PROPOSED SETTLEMENT IN ADVANCE THEREOF. THE DEBTOR, THROUGH COUNSEL, WILL ATTEMPT TO RESPOND TO ALL REASONABLE INQUIRIES CONCERNING THE INFORMATION PROVIDED HEREIN. PARTIES IN INTEREST ARE ENCOURAGED TO SEEK THE ADVICE OF COUNSEL TO MORE FULLY DETERMINE THEIR RIGHTS WITH RESPECT TO THE PROPOSED SETTLEMENT CONTEMPLATED HEREIN.**

**FURTHER NOTICE IS HEREBY GIVEN,** in the event any objection or response to the Motion is filed with the Clerk, United States Bankruptcy Court for the Eastern District of North Carolina, with a copy served on counsel for Plaintiff and counsel for OnDeck Capital, Inc., whose names appear at in the body of this Notice, a hearing will be held on November 19, 2015, at 10:00 a.m., by the United States Bankruptcy Court for the Eastern District of North Carolina, 300 Fayetteville Street, 2nd Floor Courtroom, Raleigh, North Carolina, 27601. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on this Notice, the Motion and any Response(s) thereto *ex parte* without further notice.

Respectfully submitted, this the 12th day of November, 2015.

                                          **STUBBS & PERDUE, PA**
                                          *Counsel Debtor-Plaintiff*

                              MATTHEW W. BUCKMILLER (NCSB No. 35194)
                              mbuckmiller@stubbsperdue.com

                              JOSEPH Z. FROST (NCSB No. 44387)
                              jfrost@stubbsperdue.com

                              9208 Falls of Neuse Road, Suite 201
                              Raleigh, North Carolina 27615
                              TEL:   (919) 870-6258
                              FAX:  (919) 870-6259

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is, and at all times hereinafter was, more than eighteen (18) years of age and on this day, copies of the foregoing **MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE** and **NOTICE OF MOTION** were electronically filed utilizing the CM/ECF system, notification of which was remitted to the following CM/ECF participants:

> Brian Behr
> OFFICE OF THE BANKRUPTCY ADMINISTRATOR
> 434 Fayetteville Street, Suite 640
> Raleigh, North Carolina 27601
> *Counsel for Bankruptcy Administrator*

> Brian C. Fork
> K&L GATES, LLP
> Post Office Box 17047
> Raleigh, North Carolina 27619-7047
> *Counsel for Defendant OnDeck Capital, Inc.*

The undersigned further certifies that copies of the foregoing were served, via First-Class United States Mail, upon those parties at their addresses listed on **EXHIBIT B** attached hereto.

Executed this, the 12th day of November, 2015.

>  */s/Joseph Z. Frost*
> JOSEPH Z. FROST (NCSB No. 44387)
> jfrost@stubbsperdue.com
>
> STUBBS & PERDUE, P.A.
> 9208 Falls of Neuse Road, Suite 201
> Raleigh, North Carolina 27615